Good morning, Your Honors. May it please the Court, Mike Ackerman for the defendants and appellants, Theos Medical Systems, Inc. and Saket Bhatia. And as Your Honors are aware, this is an appeal from an administrative order where the appellants filed an application with the district court to obtain permission to basically file a complaint with the FDA and avoid being a foul of the prior consent decree because the appellants did not want anyone to contend that the complaint that they were filing was false or misleading. So the application was made to the district court. The district court required appellants to provide the exact document that they planned to file with the FDA so that the court could see the wording of the document. A hearing was held on the content of the document giving plaintiffs and appellees the opportunity to produce evidence that there was some bad faith or illegitimate reason for filing the complaint. The district court found that there was no evidence of an illegitimate business reason or bad faith, granted the order, but then, as you're aware, imposed a condition that there be a disclosure in the complaint made to the FDA that there had been a prior contempt order and finding of false and misleading complaints. In effect, telling the FDA that the complaint being made by this person was probably false or misleading, although there was no evidentiary basis to come to that conclusion. The district court in its order said that the purpose of including this condition was the risk that it might have an illegitimate business or other reason for filing, although there was no evidence before the district court that, in fact, there was any illegitimate reason or false or misleading information. What we're talking about is the wording on the packaging on plaintiff's products. And so if you look at the form of the complaint that was to be filed, which is a part of the record, pages 28 through 32, all that appellants were doing were telling the FDA, if you look at the words on the packaging and you look at the parties who are doing this, we believe that these are in violation of the FDA. There's no relation to extrinsic evidence. In other words, we think there was conduct independent of the wording on the packaging. So it was a pretty objective complaint being made to the FDA. By including this condition on the complaint being made to the FDA, it is a sanction for prior conduct. And I think appellees agree that that was the reason that it was, in fact, included, was you have a bad actor who made false or misleading complaints. Even though this one's not false or misleading, we want to tell the FDA this is a bad person. Did anybody suggest to the judge that he might include that? Not to my knowledge, Your Honor. That's the reason why this appeal is being made, is because there was no prior notice, no opportunity to object to the inclusion, as I understand it, of that condition. So nothing has yet been submitted to the FDA on this? That's my understanding, because to submit this complaint with that condition is going to have it immediately ignored, because the basically it's saying this is a person you shouldn't trust. And I don't have much to add beyond that. It's a pretty simple appeal. That's about it. Thank you. Okay. Thank you very much, Your Honor. Let's hear from the other side. Thank you. Peter Craigie for the appellees. Your Honors, this is a very egregious situation. We have a district court judge who heard the appellant, Mr. Bhatia, testify in front of him, found him to be deceitful in his order. You're talking about the prior contempt proceedings? Prior contempt proceedings. Yes. And part of the prior contempt proceedings, he had submitted 85 false FDA claims against appellees. But doesn't the FDA know that? What? Won't the FDA know that? Yes. Well, if it wasn't in the order, I, as counsel for the appellees, would tell the FDA about that. So why does it need to be in the notice? The judge thought. I did not suggest it. It was the judge himself who put that language in the order. And if you look at the brief submitted, the appellant's opening brief, it's actually consistent with such a ruling. Let me ask you, that may be the case, but is it a sanction? It could be a sanction. Well, no, it's not. No, don't say it could be. Is it a sanction? We're going to twist your arm here. Okay. I would have to admit that it is a sanction, but it's allowed. Well, it may be allowed, but there's something, if he's going to exercise his inherent authority as a district judge, then he has to give notice and an opportunity to respond. And that didn't happen here. Well, they could have made a motion to reconsider your ruling. They don't have to make a motion. They can wait. You know, I don't know how long it took them from the time the order was entered to get to this day. They don't have to file a motion to reconsider. But can't you submit your information to the FDA in opposition to their complaint about the prior contempt and that it's false, correct? But you have to realize that this was an egregious situation where they had submitted previously 85 false reports to the FDA, false reports to the FDA. Now they want to go and submit another report to the FDA and which the judge finds has a business reason and there is lacking bad faith as to this complaint. And what you want to do is to show prior bad acts to show that the judge really thought differently but couldn't find a basis. You can, Your Honor. That's a sanction. No, but if you look at, Your Honor, if you look at the case cited by the appellants, Gallup v. Cheney, a Second Circuit case, 667 Fed 3rd, and in this case, they concede that requiring a party to report to others past misconduct is a sanction permitted under court's inherent authority. And this was a case where the court required a... Did they give notice in that Second Circuit case that sanction was going to be entered or did they just spring it on the sanctioned party? What it was, Your Honor, was a court, there was a hearing on the sanction. You can sanction but, quote, with due process, unquote. So what's the remedy, then, Your Honor, to... To reverse. That's the remedy. To decide the order goes back down and the district court judge can give an opportunity to be heard and he can do the whole process that he's supposed to do. And if he does and he still concludes that that's an appropriate sanction, he can order it. But even though he had heard this person testify before... It's a new cause. Yeah. Maybe he learned from his 85 false claims not to make an 86th, right? Maybe. Yes. But he ought to be heard on that. Thank you. Thank you. Thank you. Anything you want to say in response? Okay. Thank you. Okay.
judges: Paez, Bea, Jack